IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CALEB NAIK,

                    Plaintiff,                    Civil Action No.
                                                  3:17-CV-0613 (LEK/DEP)
          v.

MODERN MARKETING CONCEPTS,
INC. and TECHNOLOGY INSURANCE
COMPANY,

                    Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

CALEB NAIK, *Pro se*
6 Jackson Avenue
Endicott, NY 13760

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

          Utilizing a form designed for use in civil rights actions brought

pursuant to 42 U.S.C. § 1983, *pro se* plaintiff Caleb Naik has commenced

this action against defendants Modern Marketing Concepts, Inc. ("MMC"),

his former employer, and Technology Insurance Company, an entity whose role in the events giving rise to plaintiff's claims is unclear. Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. For the reasons set forth below, plaintiff's IFP application is denied, without prejudice, and I recommend his complaint be dismissed, with leave to replead.

I.    BACKGROUND

Plaintiff commenced this action on or about June 5, 2017. Dkt. No. 1. In his complaint, which is not a model of clarity, plaintiff alleges that he was employed by defendant MMC from 2001 until December 11, 2015. *Id.* at 4. During his employment, plaintiff was exposed to a working environment that caused his health to deteriorate. *Id.* at 4-5. Liberally construed, plaintiff's complaint alleges that he was exposed to poor ventilation, mold, dust, and chemicals, which led him to suffer allergies, asthma, and injuries to his right wrist, right shoulder, and teeth. *Id.*

On or about December 9, 2015, plaintiff was treated by his physician, who authored a note that instructed plaintiff not to work until he was seen by an orthopedic surgeon. Dkt. No. 1 at 4. After plaintiff submitted that note to an individual at MMC and advised his employer that

he was not coming into work based upon his doctor's instruction, his employment was terminated on December 11, 2015. *Id.*

Plaintiff also claims that, while he was working at MMC, he was mistreated, and that "they were laughing at [him] about my Wrist beds [sic] and [his] eyes were black [his] face was like dark with tears[.]" Dkt. No. 1 at 4-5.

The complaint does not specify the relief sought by plaintiff.

II.    DISCUSSION

A.    IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] "The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of

---

[1]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

3

their financial circumstances." *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984). The decision of whether to grant an application to proceed IFP rests within the discretion of the court. *Monti*, 600 F. Supp. at 113.

Section 1915(a) provides that IFP status may be granted when the court is satisfied "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also, Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948) ("We think an [IFP application] is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." (quotation marks and alteration omitted)). A plaintiff need not demonstrate abject poverty to qualify for IFP status. *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins*, 335 U.S. at 339); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). Indeed, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244.

In support of an IFP application, section 1915 requires that a plaintiff submit an affidavit reflecting all of his assets. 28 U.S.C. § 1915(a)(1). Without the submission of a completed financial affidavit, a plaintiff's application is incomplete, and this defect alone warrants denial of the IFP

application. *See, e.g.*, *United States v. Copen*, 378 F. Supp. 99, 103 (S.D.N.Y. 1974) ("Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit made as required by [28 U.S.C. § 1915]."); *accord, Bey v. Syracuse Univ.*, 155 F.R.D. 413, 414 (N.D.N.Y. 1994) (Scullin, J.).

Plaintiff's IFP application in this instance is incomplete. It does not, for example, indicate whether he is currently employed, and if so, the amount of wages he earns. Dkt. No. 2 at 1. Similarly, the application does not indicate whether plaintiff has received "[o]ther [i]ncome" within the past twelve months. *Id.* Without this information, the court is unable to determine whether plaintiff qualifies for IFP status. His application for leave to proceed without prepayment of fees will therefore be denied, without prejudice to renewal.

B.    Sufficiency of Plaintiff's Complaint

Ordinarily, the denial of plaintiff's IFP application would end the court's discussion, and plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because I find that plaintiff's complaint fails to state a claim upon which relief may be granted, however, 28 U.S.C. § 1915 directs that the court dismiss the action

5

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

### 1.    Standard of Review

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the

6

statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is

applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

8

2.    Analysis of Plaintiff's Claims

a.    42 U.S.C. § 1983

As was noted above, plaintiff's complaint was prepared utilizing a form designed for use in asserting civil rights claims arising under 42 U.S.C. § 1983. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a complaint must allege "(1) 'that some person has deprived [the plaintiff] of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

In this case, plaintiff's complaint names two corporate entities as defendants, neither of which has any apparent nexus to any government

9

or municipality. State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at \*2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, his complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at \*1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

Based upon plaintiff's failure to allege any facts plausibly suggesting that the named defendants acted under color of state law, any cause of action brought pursuant to section 1983 is legally deficient. For that reason, I recommend that plaintiff's section 1983 claims be dismissed.

b.    Americans With Disabilities Act

Liberally construing plaintiff's complaint, it appears to assert claims for disability discrimination, failure to accommodate, and hostile work environment based upon disability pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Reinforcing this

suspicion is a document attached to plaintiff's complaint – specifically, a final determination issued by the New York State Division of Human Rights ("NYSDHR") following an investigation into a charge of discrimination filed by the plaintiff. Dkt. No. 1-1. In its decision, the NYSDHR found no probable cause to believe that unlawful discrimination had occurred, and on that basis dismissed plaintiff's claims of disability discrimination. *Id.*

As a prerequisite to asserting an ADA claim in federal court, a plaintiff must exhaust available administrative remedies by filing a complaint with the Federal Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C § 12117(a); *Tweksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999); *accord, Roy v. Buffalo Philharmonic Orchestra*, 684 F. App'x 22, 23 (2d Cir. 2017). Only upon receipt of a right-to-sue letter from the EEOC may a plaintiff bring suit in federal court under the ADA. *Wisneski v. Nassau Health Care Corp.*, 296 F. Supp. 2d 367, 375 (E.D.N.Y. 2003) (citing cases).

In this case, there are no allegations in plaintiff's complaint, and a review of the extensive exhibits attached to the complaint fails to demonstrate, that plaintiff filed a complaint with the EEOC concerning the matters alleged in this case and received a right-to-sue letter. Accordingly,

I recommend that plaintiff's ADA claims be dismissed for failure to exhaust the administrative remedies prior to filing suit.

In addition, plaintiff's ADA claims are also subject to dismissal at this juncture because the complaint fails to allege facts plausibly suggesting that plaintiff suffered from a "disability," as that term is defined by the ADA. As is relevant to this lawsuit, the ADA provides that no employer "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees[.]" 42 U.S.C. § 12112. "Disability" is defined under the statute as follows:

> **(1) Disability**
>
> The Term 'disability' means, with respect to an individual—
>
>> **(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual;
>>
>> **(B)** a record of such an impairment; or
>>
>> **(C)** being regarded as having such an impairment . . . .

42 U.S.C. 12102. The term "major life activities" includes, but is not limited to, working. 42 U.S.C. § 12102(2).

In this case, plaintiff's complaint alleges that he suffered certain

injuries as a result of the exposure to working conditions while employed by defendant MMC. Dkt. No. 1 at 4-5. Indeed, the complaint alleges that he received a note from his physician that he was unable to work until he was seen by an orthopedic surgeon. *Id.* at 4. It is unclear, however, which injury suffered by plaintiff required an orthopedic consultation. The complaint vaguely alludes to injuries to plaintiff's hand and shoulder, but also alleges that plaintiff suffered from allergies and asthma as a result of his working environment, and it is far from clear the extent of the injuries suffered or which particular injury rendered him disabled, as defined by the ADA. Accordingly, because I find that plaintiff's complaint fails to allege facts plausibly suggesting that he suffered a "disability" as defined under the ADA, I recommend his ADA claims be dismissed on this additional ground.

c.    Pendent State Law Tort Claims

Plaintiff's complaint could be regarded as asserting tort claims against his employer for injuries suffered in the workplace. Even assuming that this court could exercise supplemental subject matter jurisdiction to address those state law claims pursuant to 28 U.S.C. § 1367, they are plainly precluded in New York by the governing workers compensation laws. *See, e.g., Garibaldi v. Anixter, Inc.*, 492 F. Supp. 2d 290, 292

(W.D.N.Y. 2007). Accordingly, I recommend any tort claims deemed asserted in plaintiff's complaint be dismissed.

###### d.    Claims Asserted Against Defendant Technology Insurance Company

Plaintiff's complaint names Technology Insurance Company as a defendant. Dkt. No. 1 at 1, 2. The body of his complaint, however, fails to contain any allegations concerning that defendant. Indeed, the only places in plaintiff's complaint that Technology Insurance Company is mentioned are in the caption and in the section of the form complaint asking plaintiff to identify the parties. *Id.* Accordingly, because there are no facts alleged in the complaint that give rise to a cognizable cause of action, I recommend that all claims asserted against that defendant be dismissed.

### C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be

14

able to allege a civil RICO conspiracy"). An opportunity to amend is not

required, however, where "the problem with [the plaintiff's] causes of

action is substantive" such that "better pleading will not cure it." *Cuoco v.*

*Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a

plaintiff is unable to allege any fact sufficient to support its claim, a

complaint should be dismissed with prejudice."). Stated differently,

"[w]here it appears that granting leave to amend is unlikely to be

productive, . . . it is not an abuse of discretion to deny leave to amend."

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.

22, 1997) (Pooler, J.).

      In this case, although skeptical, the court is unable to conclude that,

if given the opportunity, plaintiff could not offer an amended complaint

establishing the existence of one or more cognizable claims. Accordingly, I

recommend that leave to amend be granted.

      If plaintiff chooses to file an amended complaint, he should note that

the law in this circuit clearly provides that "'complaints relying on the civil

rights statutes are insufficient unless they contain some specific

allegations of fact indicating a deprivation of rights, instead of a litany of

general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

16

III.   <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Plaintiff's incomplete IFP application provides me with no basis to determine whether plaintiff qualifies for that status. For that reason, the application is denied, without prejudice.

Turning to the merits of plaintiff's claims, for the various reasons cited above I find that his section 1983, ADA, and pendent state law tort claims are subject to dismissal.

Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is DENIED, without prejudice. Plaintiff is directed to submit either the filing fee in the amount of $400 or a completed IFP application within thirty days of the date of this order; and it is further respectfully

RECOMMENDED that plaintiff's complaint be DISMISSED, with leave to replead in the event he either pays the required filing fee or submits a complete IFP application, as directed above.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

17

report.[2] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

ORDERED that the clerk of the court shall serve a copy of this order, report, and recommendation on plaintiff in accordance with the local rules.

Dated:     September 19, 2017
           Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[2]     If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).