UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CALEB NAIK,

                                             Plaintiff,

     -against-                                         3:17-CV-0613 (LEK/DEP)

MODERN MARKETING CONCEPTS, *et al.*,

                                             Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a report-recommendation filed on September 19, 2017, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation"). Pro se plaintiff Caleb Naik timely filed objections. Dkt. No. 8 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III.    DISCUSSION

Although Plaintiff submitted a filing in response to the Report-Recommendation, he did not include any specific objections to Judge Peebles's findings or recommendations. Objs. at 1.[1] Plaintiff did provide a copy of a right-to-sue letter from the Equal Employment Opportunity Commission, Objs. at 4, which he did not include in his original filing, Rep.-Rec. at 11. While Judge Peebles recommended dismissing the complaint based on Plaintiff's failure to submit a right-to-sue letter, Rep.-Rec at 11, he also recommended dismissal because "the complaint fails to allege facts plausibly suggesting that plaintiff suffered from a 'disability,'" id. at 12–13. Judge Peebles's conclusion was correct, even in light of the exhibits Plaintiff provided in response to the Report-Recommendation; Plaintiff's allegations do not suggest that he suffered discrimination by the Defendants because of a disability.

The Court has reviewed the Report-Recommendation for clear error and has found none.

---

[1] The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

IV.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 5) is **DENIED without prejudice**;

**ORDERED**, that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action he must file an amended complaint **within thirty days** of the filing date of this Decision and Order;[2] and it is further

**ORDERED**, that in the event Plaintiff fails to file a signed amended complaint **within thirty days** of the filing date of this Decision and Order, the Clerk shall enter judgment without further order of this Court dismissing this action without prejudice for Plaintiff's failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office

---

[2] Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 04, 2017
         Albany, New York

Lawrence E. Kahn
U.S. District Judge